IzGOTHARD, Judge.
On March 6, 1996 defendant, Lionel G. Christophe, was charged by bill of information with possession of cocaine in violation of *1077 LSA-R.S. 40:967 C, to which he pled not guilty at his arraignment. Defendant filed several pre-trial motions including a motion to suppress the evidence. That motion was denied on May 1, 1996 and the matter was set for trial on May 13, 1996. The matter was re-set for May 16, 1996, at which time the defendant withdrew his plea of not guilty and entered a plea of guilty, reserving his right to appeal the judgment of the trial court which denied the motion to suppress the evidence. In due course the defendant was sentenced to serve a term of two years at hard labor with credit for time served. He has filed this appeal in conformance with State v. Crosby, 338 So.2d 584 (La.1976)[1].
|3The facts contained in the record show that the charge was brought against defendant after a search of his apartment revealed evidence that defendant had possessed and made crack cocaine. The search was consented to by defendant’s former girlfriend and co-lessee of the apartment.
Defendant’s attorney filed a brief stating that a review of the record reveals no non-frivolous issues which could support an appeal and requesting a review of the record for errors patent in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Pursuant to this court’s policy as established in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, we have advised defendant by certified letter of his right to file a pro se brief in this matter, and have conducted an extensive independent review of the record for errors patent and for issues which would arguably support an appeal. Because we find neither and none have been raised by defendant, we affirm the trial court’s actions in this matter.
AFFIRMED.

. In State v. Crosby, supra, the Louisiana Supreme Court ruled that a defendant retains the right to appellate review of certain non-jurisdictional, pre-plea rulings if specifically reserved by the defendant at the time of the guilty plea.